IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:21-CV-00411-KDB

| TYESHIA BUTTS, | |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| COMMISSIONER OF SOCIAL SECURITY , | |
| Defendant. | |

**THIS MATTER** is before the Court on Plaintiff's Motion for Attorney's Fees under the Social Security Act 42 U.S.C. § 406(b) (Doc. No. 23). Having reviewed the motion and the supporting materials, the Court finds that Plaintiff should be awarded attorney's fees in the net amount of $18,223.25,[1] which is 25% of Plaintiff's past-due benefits. These fees are to be paid from Plaintiff's past-due benefits pursuant to § 406(b).

Correcting the amounts to reflect the 25% limit, Plaintiff asks the Court to deduct the amount of the Equal Access to Justice Act ("EAJA") award from the $18,223.25 and order a payment of $13,923.25 (The "Offsetting Method") rather than ordering payment of the $18,223.25 and requiring him to reimburse the Plaintiff the amount of the EAJA award. For the reasons explained below, the Court declines to do so.

Congress amended the EAJA in 1985 to clarify that an attorney does not violate § 406(b)(2) by accepting an EAJA fee in addition to a court fee under § 406(b)(1)—"but only if, where the

---

[1] Plaintiff requests a net fee of $18,973.25, which is greater than 25% of Plaintiff's past-due benefits owed. Plaintiff is owed $72,893.00 in past-due benefits. (Doc. Nos. 23, 24-1 at 3). So, 25% of that amount equals $18,223.25.

1

claimant's attorney receives fees for the same work under both [§ 406(b)(1)] and [the EAJA], the claimant's attorney refunds to the claimant the amount of the smaller fee." *O'Donnell v. Saul*, 983 F.3d 950, 956 (7th Cir. 2020) (quoting Pub. L. No. 99-80, § 3, 99 Stat. 183 (Aug. 5, 1985)). In addition, 42 U.S.C. § 406(b)(1) provides that "the court may determine and allow as part of its judgment a reasonable fee." The Seventh Circuit further notes "[§ 406(b)(1)] plainly vests the court with discretion to award a reasonable fee and determine what that fee is. It certainly does not restrict that discretion by compelling the court to award whatever fee, in whatever form, the lawyer requests." *Id.* at 957.

While at least one court has found the Offsetting Method to be "appropriate and reasonable," numerous courts in the Western District of North Carolina have declined to follow that approach, recognizing it as a disfavored method that is not in alignment with Congressional intent. *Compare Widmer v. Kijakazi*, 668 F. Supp. 3d 446 (E.D. Va. 2023) (stating that the Offsetting Method is an "appropriate and reasonable alternative to granting a full fee award but ordering counsel to reimburse Plaintiff with the amount of the lesser award."), *with Reyes v. O'Malley*, No. 1:22-CV-00096-MR, 2024 WL 2119266 (W.D.N.C. May 10, 2024) (noting the plain language of the Social Security Act "contemplates that where plaintiff's counsel seeks fee awards under both statutes, counsel will 'refund' the smaller award to the plaintiff," and further concluding that the Court is not authorized to use the Offsetting Method), *Dipiazza v. Comm'r of Soc. Sec.*, No. 3:20-CV-00735-RJC, 2024 WL 3837881 (W.D.N.C. Aug. 15, 2024) (declining to use the Offsetting Method and calling it "disfavored"), *and Gross v. O'Malley*, No. 5:18-CV-00058-MR, 2024 WL 3941842, at *2 (W.D.N.C. Aug. 26, 2024) (noting that the Fourth Circuit Court of Appeals has not addressed whether the Offsetting Method is appropriate, and declining to follow it, concluding, "the statute does not authorize this Court to offset [the] award under §

406(b) in the manner requested."). The Seventh Circuit and the Tenth Circuit concur that even if the Offsetting Method is permissible under section 406(b)(1), it is "disfavored," and an attorney-to-claimant refund is preferred. *O'Donnell,* 983 F.3d at 957.

Thus, while it might be more efficient, this Court concludes that the Offsetting Method does not align with Congressional intent, nor the practices of most courts in the Fourth Circuit, and declines to follow it. Upon receipt of the § 406(b) fee, Plaintiff's counsel shall refund the EAJA fee of $4,300.00 to the Plaintiff.

It is therefore **ORDERED** that the Commissioner pay Plaintiff's counsel, George Piemonte, the sum of $18,223.25 and that Plaintiff's counsel pay to Plaintiff the sum of $4,300.00. Upon the payment of such sums, this case is dismissed with prejudice.

**SO ORDERED.**

Signed: October 7, 2024

Kenneth D. Bell
United States District Judge